2ce5ce7251f6a2c1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2014 DEC -4 PM 3: 37

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal Number: RDB-14-0572 |
| v. | : | |
| | : | |
| GEORGE F. ESTUDANTE, | : | (Lacey Act, 16 U.S.C. §§ 3372(d), 3373(d)) |
| Defendant. | : | |

...oooOooo...

**INFORMATION**

**COUNT ONE**
(Lacey Act)

The Assistant Attorney General for the Environment and Natural Resources Division of the United States Department of Justice, charges:

**STATUTORY AND REGULATORY BACKGROUND**

1.    Commercial fishing for Atlantic sea scallops within federal waters (generally defined as ocean waters between 3 and 200 miles offshore) is regulated by the Magnuson-Stevens Fishery Conservation and Management Act.  This statute is implemented by the Secretary of Commerce, through the National Oceanic and Atmospheric Administration (NOAA).  Within NOAA, these management responsibilities are carried out by the National Marine Fisheries Service (NMFS), a line office within NOAA.

2.    Under regulations published by NMFS that were in effect in 2009, certain federally-licensed commercial fishing vessels that harvested scallops from federal waters were allowed to land no more than 400 pounds of scallops (out of the shell, or commonly referred to as "shucked") per fishing trip.  These regulations:  (a) ensured that overall fishing did not exceed harvest quotas established for the scallop fishery; and (b) equitably allocated fishing effort

1

among various categories of scallop fishers. To help enforce this requirement, seafood dealers could not purchase scallops landed by any such vessel in excess of this 400 pound trip limit.

3.       To further facilitate enforcement and management, regulations published by NMFS impose reporting requirements on seafood dealers. Dealers who purchase scallops harvested from federal waters by commercial fishers must prepare and submit, on a weekly basis, detailed reports of all scallops purchased. These dealer reports must include the following information for each purchase of scallops: (a) the vessel from which the scallops were purchased; (b) the amount of scallops purchased; and (c) the price per unit. These dealer reports are used by fishery managers to monitor overall fishing effort and compliance with management requirements.

## GENERAL ALLEGATIONS

4.       At all times material to this Information:

.  a.       Defendant **GEORGE F. ESTUDANTE (ESTUDANTE)** was a resident of Marion, Massachusetts. He conducted business as a commercial seafood dealer under the name George Estudante dba Basic Fisheries.

b.       **ESTUDANTE** conducted business as a seafood dealer pursuant to a federal dealer permit issued to Basic Fisheries by NMFS. This permit authorized **ESTUDANTE** to purchase and sell Atlantic sea scallops that were harvested from federal waters by federally-licensed commercial fishing vessels.

c.       The F/V *Miss Tamera* was a commercial fishing vessel, home-ported in Chincoteague, Virginia. The vessel possessed a federal fishing permit issued by NMFS which authorized the vessel to commercially harvest Atlantic sea scallops from federal waters. Under the terms of the vessel's license and regulations published by NMFS, the F/V *Miss Tamera* could land no more than 400 pounds of shucked scallops per fishing trip.

5.      On or about March 6, 2009, the F/V *Miss Tamera* intentionally landed approximately 689 pounds of Atlantic sea scallops in Chincoteague, Virginia.  These scallops, which were harvested from federal waters, were then transported in interstate commerce to Ocean City, Maryland, by a truck driver hired by the vessel, where they were delivered to **ESTUDANTE**.  After delivery, **ESTUDANTE** weighed and purchased all 689 pounds of scallops.  **ESTUDANTE** paid $4,243 for the scallops by:  (a) providing a check and invoice for 399 pounds of scallops (at a price of $7.00/lb.); and (b) paying cash for the remaining scallops (at a price of $5.00/lb.).

## THE CHARGE

6.      On or about April 3, 2009, the defendant,

## GEORGE F. ESTUDANTE,

knowingly submitted a false record and account of fish that had been transported in interstate commerce, which submission involved the purchase of fish with a market value greater than $350; specifically, **ESTUDANTE** electronically submitted to NMFS a false dealer report in which **ESTUDANTE** falsely reported that on March 6, 2009, he purchased 399 pounds of scallops from the F/V *Miss Tamera* when in fact, as he well knew, he had purchased approximately 689 pounds of scallops with a market value of over $4,000, all of which were transported in interstate commerce.

In violation of 16 U.S.C. §§ 3372(d) and 3373(d).

Sam Hirsch
Acting Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044

Dec 4, 2014
Date

3